**ZWILLINGER WULKAN PLC**
Scott H. Zwillinger
2020 North Central Avenue, Suite 675
Phoenix, AZ 85004
Telephone/Fax: (602) 962-0207
E-mail: scott.zwillinger@zwfirm.com

*Liaison Counsel for Movant Randolph C. Reyes*

**LEVI & KORSINSKY, LLP**
Adam M. Apton (*pro hac vice* forthcoming)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Movant Randolph C. Reyes*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| John Tenneson, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Nikola Corporation, Mark A. Russell, Michael Lohscheller, Stephen J. Girsky, Kim Brady, and Anastasiya Pasterick,<br><br>Defendants. | No. 2:23-cv-02131-DJH<br><br>Hon. Diane J. Humetewa<br><br>**MOTION OF RANDOLPH C. REYES FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>ORAL ARGUMENT REQUESTED |

Movant Randolph C. Reyes ("Movant"), by and through his counsel, will and hereby does move this Court, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order (attached hereto): (i) appointing Movant as Lead Plaintiff in the above-captioned action (the "Action"); (ii) approving Movant's selection of Lead Counsel and Liaison Counsel; and (iii) granting such other and further relief as the Court may deem just and proper. In support of this Motion, Movant submits a Memorandum of Points and Authorities, the Declaration of Scott H. Zwillinger and exhibits attached thereto, the pleadings, and other filings herein and such other written or oral arguments as may be presented to the Court.

This motion is made on the grounds that Movant is the most adequate plaintiff, as defined by the PSLRA, based on his loss of $345,910.94, which was suffered as a result of Defendants' wrongful conduct as alleged in the Action. Further, Movant satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the class.

# MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................ 2

PROCEDURAL HISTORY ....................................................................................................... 4

ARGUMENT .............................................................................................................................. 4

    I.    APPOINTING MOVANT AS LEAD PLAINTIFF IS APPROPRIATE ......... 4

        A.    The Procedure Required by the PSLRA ....................................................... 4

            i.    Movant Is Willing to Serve As Class Representative ................................. 5

            ii.   Movant Has the Requisite Financial Interest in the Relief Sought by the Class ................................................................................................................ 5

        B.    Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure ................................................................................................. 6

            i.    Movant's Claims are Typical of the Claims of all the Class Members ....... 7

            ii.   Movant Will Adequately Represent the Class ............................................ 8

    II.   APPROVING MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE .... 9

CONCLUSION ......................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) .................................................................................. 1, 6, 7

*Crawford v. Honig*,
   37 F.3d 485 (9th Cir. 1994) .............................................................................................. 8

*In re Drexel Burnham Lambert Group*,
   960 F.2d 285 (2d Cir. 1992) ............................................................................................. 8

*Ferrari v. Gisch*,
   225 F.R.D. 599 (C.D. Cal. 2004)..................................................................................... 7

*Gen. Tel. Co. of the Southwest v. Falcon*,
   457 U.S. 147 (1982) ........................................................................................................ 8

*Hall v. Medicis Pharm. Corp.*,
   No. CV-08-1821-PHX-GMS; No. CV-08-1870-PHX-DKD; No. CV-08-1964-PHX-JAT, 2009 U.S. Dist LEXIS 24093 (D. Ariz. March 10, 2009).................................. 7

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ......................................................................................... 7

*Haung v. Acterna Corp.*,
   220 F.R.D. 255 (D. Md. 2004) ........................................................................................ 7

*Maiden v. Merge Techs., Inc.*,
   No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635 (E.D. Wis. Nov. 21, 2006) ................. 6

*In re Milestone Sci. Sec. Litig.*,
   183 F.R.D. 404 (D.N.J. 1998) ......................................................................................... 7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998)....................................................................................... 8

*Robidoux v. Celani*,
   987 F.2d 931 (2d Cir. 1993) ............................................................................................ 7

*Weiss v. York Hosp.*,
   745 F.2d 786 (3d Cir. 1984) .................................................................................................. 8

**Statutes**

15 U.S.C. § 78u-4................................................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23(a)............................................................................................................*passim*

## PRELIMINARY STATEMENT

Presently pending before the Court is the above-captioned securities class action lawsuit (the "Action") brought on behalf of all persons and entities other than Defendants that purchased or otherwise acquired Nikola Corporation ("Nikola" or the "Company") securities between February 24, 2022 and September 7, 2023, both dates inclusive (the "Class Period"). Plaintiff in the Action alleges violations of the Securities Exchange Act of 1934 (the "Exchange Act") against: the Company, Mark A. Russell ("Russell"), Michael Lohscheller ("Lohscheller"), Stephen J. Girsky ("Girsky"), Kim Brady ("Brady"), and Anastasiya Pasterick ("Pasterick"), (collectively, the "Defendants").

Movant Randolph C. Reyes ("Movant") lost approximately $345,910.94 as a result of the alleged fraud during the Class Period. Movant respectfully submits this memorandum of law in support of his motion for (a) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); and (b) for approval of his selection of Levi & Korsinsky LLP ("Levi & Korsinsky") as Lead Counsel and Zwillinger Wulkan PLC ("Zwillinger Wulkan") as Liaison Counsel.

The PSLRA provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that they are an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Movant satisfies both requirements.

Movant believes that he has the largest financial interest in the outcome of the case.[1] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff. Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of

---

[1] Movant's certification identifying his transactions in Nikola, as required by the PSLRA, as well as a chart detailing his losses are attached to the Declaration of Scott H. Zwillinger, dated December 12, 2023 ("Zwillinger Decl."), as Exhibits A and B, respectively.

Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[2]

Accordingly, Movant respectfully submits that he should be appointed Lead Plaintiff. Additionally, Movant's selection of Levi & Korsinsky as Lead Counsel and Zwillinger Wulkan as Liaison Counsel for himself and the proposed class should be approved by this Court.

## STATEMENT OF FACTS[3]

Nikola purports to operate as an integrated zero-emissions transportation systems provider that designs and manufactures battery-electric and hydrogen-electric vehicles, electric vehicle drivetrains, vehicle components, energy storage systems, and hydrogen fueling station infrastructure. ¶ 2. One of the Company's primary products is the Nikola Tre Class 8 truck, a battery-electric vehicle ("BEV") which purportedly "integrates [the Company's] electrified propulsion, technology, controls and infotainment[]" and "is expected to be one of the first zero emission Class 8 trucks to market." *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. ¶ 3. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company maintained deficient safety and structural controls related to its manufacturing of battery components; (ii) the foregoing deficiencies rendered Nikola's vehicles unsafe to operate and thus unusable, thereby raising the likelihood of a product

---

[2] The Action defines the "Class" to be "persons and entities that purchased or otherwise acquired Nikola securities during the Class Period, and who were damaged thereby. The Action excludes from the Class the Defendants, officers, and directors of the Company, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

[3] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Tenneson* Complaint") filed in the action styled *Tenneson v. Nikola Corporation, et. al.,* Case No. 2:23-cv-02131-DJH (the "*Tenneson* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Tenneson* Complaint. The facts set forth in the *Tenneson* Complaint are incorporated herein by reference.

recall; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id.*

One June 23, 2023, a Nikola Tre BEV caught fire at the Company's headquarters, with the fire ultimately spreading to four other trucks and prompting Nikola to open an investigation into the incident. ¶ 4. That same morning, Nikola posted a tweet in response to the fire, stating, in relevant part, that "[f]oul play is suspected as a vehicle was seen in the area of the affected trucks just prior to the incident and an investigation is underway." *Id.*

Following news of the fire, despite Nikola's suggestion of foul play, the Company's stock price dropped $0.09 per share, or 6.52%, to close on June 23, 2023 at $1.29 per share. ¶ 5.

Thereafter, on August 11, 2023, in contrast with the Company's earlier suggestion of foul play, Nikola issued a recall of all 209 battery-electric trucks that it had delivered or built to date after the investigation found that a coolant leak inside a battery pack had caused the fire. ¶ 6.

Following news of the recall, Nikola's stock price declined 6.67%, or $0.13 per share, to close on August 14, 2023 at $1.82 per share. ¶ 7.

Then, on September 4, 2023, as a result of the same battery pack deficiencies that caused the June 23, 2023 fire, a third Nikola BEV truck caught fire at a warehouse in Tempe, Arizona. ¶ 8.

Finally, on September 8, 2023, it was reported that a fourth Nikola BEV truck caught fire near the Company's headquarters. In a statement sent to Electrek.com, a news website focused on electric transportation and sustainable energy, the Company stated, in relevant part, that "there was a thermal incident with one engineering validation battery-electric truck near Nikola's Phoenix headquarters. No one was injured. ¶ 9. This pre-production truck was outside and undergoing battery fire investigation and testing." *Id.*

As the market reacted to this news, Nikola's stock price plummeted $0.16 per

share, or 15.38%, to close on September 8, 2023 at $0.88 per share. ¶ 10.

## PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Tenneson* Action against the Defendants. Plaintiff John Tenneson ("Tenneson") commenced the first-filed action on October 13, 2023. On that same day, counsel acting on Tenneson's behalf published a notice on *Accesswire* announcing that a securities class action had been initiated against the Defendants. *See* Zwillinger Decl., Ex. C ("Press Release").

## ARGUMENT

### I. APPOINTING MOVANT AS LEAD PLAINTIFF IS APPROPRIATE

#### A. The Procedure Required by the PSLRA

The PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)   has either filed the complaint or made a motion in response to a notice;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

|   |   |
|---|---|
| 1 | (cc)   otherwise satisfies the requirements of Rule 23 of the |
| 2 | Federal Rules of Civil Procedure. |

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in the Action.

### i. Movant Is Willing to Serve As Class Representative

On October 13, 2023, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i), which announced that a securities class action had been filed against Nikola and certain of its officers and directors, and which advised putative class members that they had sixty days from the date of the Notice to file a motion to seek appointment as a lead plaintiff in the Action.[4]

Movant has reviewed the complaint filed in the pending Action and has timely filed his motion pursuant to the Notice.

### ii. Movant Has the Requisite Financial Interest in the Relief Sought by the Class

According to 15 U.S.C § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants with the largest financial loss in the relief sought by the action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Zwillinger Decl., Ex. B. The movant who "has the largest

---

[6] The Action was filed in this Court on October 13, 2023. On that same day, the Notice was published over *Accesswire*, a widely-circulated national business-oriented wire service. *See* Zwillinger Decl. Ex. C.

5

MOTION OF RANDOLPH C. REYES FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF SELECTION OF COUNSEL

financial interest in this litigation and meets the adequate and typicality requirements of Rule 23 . . . is presumptively entitled to lead plaintiff status." *Maiden v. Merge Techs., Inc.*, No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635, at *13 (E.D. Wis. Nov. 21, 2006) (citing *In re Cavanaugh,* 306 F.3d at 732).

      Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90 day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90 day period. 15 U.S.C. § 78u-4(e).

      Movant purchased Nikola shares in reliance upon the materially false and misleading statements issued by Defendants during the Class Period and was injured thereby. Movant suffered a substantial loss of approximately $345,910.94. *See* Zwillinger Decl. Ex. B. Movant thus has a significant financial interest in the outcome of this case. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### B.     Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

      According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

    (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or

6

MOTION OF RANDOLPH C. REYES FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

> defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Cavanaugh,* 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See Hall v. Medicis Pharm. Corp.*, No. CV-08-1821-PHX-GMS; No. CV-08-1870-PHX-DKD; No. CV-08-1964-PHX-JAT, 2009 U.S. Dist LEXIS 24093, at *7-8 (D. Ariz. March 10, 2009). Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiffs move for class certification. *See Cavanaugh,* 306 F.3d at 732; *see also Haung v. Acterna Corp.,* 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998). As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

### i. Movant's Claims are Typical of the Claims of all the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because: (i) he suffered the same injuries as the absent class members; (ii) he suffered as a result of the same course of conduct by Defendants; and (iii) his claims are based on the same legal issues. *See Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes

whether plaintiff's claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984). A finding of commonality frequently supports a finding of typicality. *See Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, acquired Nikola securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. Thus, his claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and his losses result from Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See Weiss*, 745 F.2d at 809; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### ii. Movant Will Adequately Represent the Class

Moreover, Movant is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig,* 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movant's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of the

Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. In addition, Movant has retained counsel highly experienced in prosecuting securities class actions, and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Moreover, Movant considers himself to be a sophisticated investor. He resides in Jacksonville, Florida, and possesses a master's degree in business administration. Movant is currently retired, but prior to that, he was employed as a safety manager for the U.S Navy. *See* Zwillinger Decl., Ex. D, Movant's Declaration in support of his motion.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and should be appointed as such to lead the Action.

## II. APPROVING MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Levi & Korsinsky as Lead Counsel and Zwillinger Wulkan as Liaison Counsel for the Class. These firms have not only successfully prosecuted complex securities fraud actions, but they have also successfully prosecuted many other types of complex class actions. *See* Zwillinger Decl., Ex. E. Furthermore, these firms have

continually invested time and resources in carefully investigating and prosecuting this case. The Court may be assured that the proposed lead and liaison counsel will provide the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint Movant as Lead Plaintiff for the Class; and (2) approve Levi & Korsinsky as Lead Counsel and Zwillinger Wulkan as Liaison Counsel for the Class.

Dated: December 12, 2023          Respectfully submitted,

**ZWILLINGER WULKAN PLC**

/s/ *Scott H. Zwillinger*
Scott H. Zwillinger
2020 North Central Avenue, Suite 675
Phoenix, AZ 85004
Telephone/Fax: (602) 962-0207
E-mail: scott.zwillinger@zwfirm.com

*Liaison Counsel for Randolph C. Reyes and Proposed Liaison Counsel for the Class*

**LEVI & KORSINSKY LLP**
Adam M. Apton (*pro hac vice* forthcoming)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Randolph C. Reyes and Proposed Lead Counsel for the Class*

MOTION OF RANDOLPH C. REYES FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF SELECTION OF COUNSEL