**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Tenneson, et al., | No. CV-23-02131-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Nikola Corporation, et al., | |
| Defendants. | |

The Court has received notice of a bankruptcy filing for Defendant Nikola Corporation ("Nikola"). (Doc. 44). An automatic stay is now effect for Nikola[1] under 11 U.S.C. § 362(a). *See Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1214 (9th Cir. 2002) ("The plain language of § 362(a)(1) [of the Bankruptcy Code] prohibits the continuation of judicial actions.").

Ultimately, Plaintiff is required to prosecute this case. *See O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1110 (9th Cir. 2006) (bankruptcy stay did not preclude dismissal of case against debtor based on plaintiff's failure to prosecute). To that end, Plaintiff generally must either dismiss his claim against Nikola without prejudice and pursue that claim in bankruptcy court or file a motion in the bankruptcy court to lift the automatic

---

[1] Other Defendants in this action include Mark A. Russell and Michael Lohscheller. Both individuals are former CEOs of Nikola. The automatic bankruptcy stay does not automatically extend to co-defendants of the debtor. *See e.g., In re Chugach Forest Prods., Inc.*, 23 F.3d 241, 246 (9th Cir. 1994); *In re Advanced Ribbons & Office Prods.*, 125 B .R. 259, 263 (B.A.P. 9th Cir. 1991); *In re Ionosphere Clubs, Inc.*, 111 B.R. 423, 434 (Bankr.S.D.N.Y. 1990); *C.H. Robinson Company v. Paris & Sons, Inc.*, 180 F.Supp.2d 1002, 1018 (N.D. Iowa 2001).

stay to permit his claim against Nikola to proceed in this Court.

The Court also notes that there is currently a fully briefed Motion to Dismiss awaiting resolution, which all Defendants have brought collectively. (Doc. 34). Plaintiff has brought claims for (1) violation of § 10(b) of the Securities Exchange Act and Rule 10(b)(5) against all Defendants and (2) violation of § 20(a) of the Act against the individual Defendants. (Doc. 24 at ¶¶ 174–81). The Section 20(a) claim alleges that the individual Defendants acted as "controlling persons" of Nikola. (*Id.* at ¶ 178). While the automatic bankruptcy stay does not necessarily extend to the individual Defendants Mark A. Russell and Micheal Lohscheller, without an underlying violation of the Securities Exchange Act by Nikola, there can be no "controlling person" liability under Section 20(a). *In re Netflix, Inc., Sec. Litig.*, 923 F. Supp. 2d 1214, 1226 (N.D. Cal. 2013).

Therefore,

**IT IS ORDERED** the claims against Nikola only are **stayed** and will be **dismissed, without prejudice, without further notice on March 14, 2025**, unless prior thereto the Court is advised that the bankruptcy stay has been lifted, or a request for a lifting of the bankruptcy stay has not been ruled upon by the bankruptcy court.

**IT IS FURTHER ORDERED** that the pending motion to dismiss (Doc. 34) is denied without prejudice to re-file within 14 days of the stay being lifted in this Court. *See In re Miller*, 262 B.R. 499, 503 (B.A.P. 9th Cir. 2001); *In re Perryman*, 631 B.R. 899, 903 (B.A.P. 9th Cir. 2021).

Dated this 28th day of February, 2025.

Honorable Diane J. Humetewa
United States District Judge

- 2 -