**ZWILLINGER WULKAN PLC**
Scott H. Zwillinger
2020 North Central Avenue, Suite 675
Phoenix, AZ 85004
Telephone/Fax: (602) 962-0207
E-mail: scott.zwillinger@zwfirm.com

*Liaison Counsel for Lead Plaintiff and the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton (admitted *pro hac vice*)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Lead Plaintiff and the Class*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randolph C. Reyes, et al., | No. CV-23-02131-PHX-DJH (DMF) |
| Plaintiff, | |
| v. | **CLASS ACTION** |
| Nikola Corporation, et al., | **PLAINTIFF'S RESPONSE TO SUGGESTION OF BANKRUPTCY [44] AND ORDER [45]** |
| Defendants. | |

Lead Plaintiff Randolph C. Reyes ("Lead Plaintiff"), by and through his undersigned attorneys, respectfully responds as follows to Defendants' Notice of Suggestion of Bankruptcy and Automatic Stay of Proceedings (ECF No. 44) and the Court's Order dated February 28, 2025 (ECF No. 45).

On February 28, 2025, the Court stayed Lead Plaintiff's claims against Nikola Corporation ("Nikola") only pursuant to 11 U.S.C. §362(a). ECF No. 45 at 2:13-16. The Court also denied Defendants' pending motion to dismiss without prejudice. *Id*. at 2:17-18.

On March 3, 2025, Lead Plaintiff voluntarily dismissed Nikola. ECF No. 46. Consequently, the only defendants in the action at this point are Mark A. Russell and

Michael Lohscheller, neither of whom is a debtor in Nikola's bankruptcy proceedings. *See In re Nikola Corp.*, No. 25-10258 (Bankr. D. Del.) (Voluntary Petition, ECF No. 1). As alleged in the Amended Complaint for Violation of the Federal Securities Laws ("Complaint"), Messrs. Russell and Lohscheller violated Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5(b). *See* Complaint, ¶¶172-76. Messrs. Russell and Lohscheller, as alleged, made false and/or materially misleading statements in press releases, conference calls, and within quarterly and annual reports filed with the SEC. *See, e.g., id.* at ¶56 (Russell quoted in press release), ¶63 (Russell signed quarterly report), ¶80 (Lohscheller quoted in press release), ¶88 (Lohscheller speaking during conference call). Messrs. Russell and Lohscheller are liable under Section 10(b) of the Exchange Act and Rule 10b-5(b) independently and without regard to Nikola being dismissed from the action. *See Howard v. Everex Sys.*, 228 F.3d 1057, 1061 (9th Cir. 2000) (reversing summary judgment dismissal of Section 10(b) claims where CEO made false statements independent of bankrupt corporate defendant); *see also Carlton v. Cannon*, 184 F. Supp. 3d 428, 444 (S.D. Tex. 2016) (denying motion to dismiss in part against former executives of bankrupt company after severing claims against individual defendants from corporate defendant).

Relatedly, although the Court stated in its Order that "there can be no 'controlling person' liability under Section 20(a)" absent "an underlying violation of the Securities Exchange Act by Nikola" (ECF No. 45 at 2:7-11), Nikola's dismissal from the action does not necessarily bar Section 20(a) liability against Messrs. Russell and Lohscheller. "So long as the Complaint adequately alleges the elements of a Rule 10b-5 claim against [Nikola] as a corporation, it is of no moment that [Nikola] is not a named defendant due to bankruptcy." *Sgalambo v. McKenzie*, 739 F. Supp. 2d 453, 486 n.203 (S.D.N.Y. 2010) (citing *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 285 (3d Cir. 2006) ("[T]here is no requirement in the language of [Section 20(a)] that the controlled person be named as a defendant as a predicate to imposing liability upon the controlling individual defendants.")); *see also SEC v. Hawk*, No. 03:05-CV-00172-LRH-VPC, 2007 U.S. Dist. LEXIS 57414, at *8 (D. Nev. Aug. 3, 2007) ("the majority of courts to address the issue have concluded that

it is not necessary to join the primary violator in an action against a control person") (collecting cases).

In sum, Lead Plaintiff respectfully submits that this action may continue unimpeded by Nikola's bankruptcy now that Nikola has been dismissed. *See Tchrs. Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) ("[i]t is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants"); *S. Ferry LP # 2 v. Killinger*, 687 F. Supp. 2d 1248, 1251 n.2 (W.D. Wash. 2009) (proceedings against individual defendants did not violate automatic bankruptcy stay). To the extent the Court denied Defendants' pending motion without prejudice as to Nikola only, Lead Plaintiff respectfully submits that the motion may be decided on the remaining claims against Messrs. Russell and Lohscheller. Alternatively, if Defendants' motion needs to be re-filed, Lead Plaintiff respectfully requests that the Court set a schedule for the parties to re-file the motion and related briefing so that it may be decided by the Court in due course.

[Signature blocks on following page]

RESPECTFULLY SUBMITTED this 3rd day of March 2025.

**ZWILLINGER WULKAN PLC**

By:  /s/ Scott Zwillinger
     Scott Zwillinger
     2020 North Central Avenue, Suite 675
     Phoenix, Arizona 85004

     *Liaison Counsel for Randolph C. Reyes and Proposed Liaison Counsel for the Class*

**LEVI & KORSINSKY LLP**

By:  /s/ Adam M. Apton
     Adam M. Apton
     33 Whitehall Street, 17th Floor
     New York, New York 10004

     *Lead Counsel for Randolph C. Reyes and Proposed Lead Counsel for the Class*

PLAINTIFF'S RESPONSE TO BANKRUPTCY AND ORDER
No. CV-23-02131-PHX-DJH (DMF)