**WILENCHIK & BARTNESS**
— A PROFESSIONAL CORPORATION —

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone:  602-606-2810        Facsimile:  602-606-2811

Dennis I. Wilenchik, #005350
admin@wb-law.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Brad S. Karp (*pro hac vice*)
Susanna M. Buergel (*pro hac vice*)
Gregory F. Laufer (*pro hac vice*)
Alison R. Benedon (*pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
bkarp@paulweiss.com
sbuergel@paulweiss.com
glaufer@paulweiss.com
abenedon@paulweiss.com

*Attorneys for Defendants Nikola Corporation,*
*Mark A. Russell and Michael Lohscheller*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randolph C. Reyes, et al.,<br><br>    **Plaintiff,**<br><br>  vs.<br><br>Nikola Corporation, et al.,<br><br>    **Defendants.** | Case No. 2:23-cv-02131-PHX-DJH (DMF)<br><br>**MARK A. RUSSELL AND MICHAEL LOHSCHELLER'S REPLY TO PLAINTIFFS' RESPONSE TO SUGGESTION OF BANKRUPTCY** |

Defendants Mark A. Russell and Michael Lohscheller (the "Individual Defendants") by and through their undersigned counsel respectfully submit this Reply to Plaintiff's Response to Defendants' Notice of Suggestion of Bankruptcy and Automatic Stay of Proceedings and the Court's Order dated February 28, 2025.

On February 25, 2025, Nikola Corporation ("Nikola") filed a Notice of Suggestion of Bankruptcy on the docket, notifying the Court that on February 19, Nikola had filed a Petition for Relief Under Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. ECF No. 44. In response, this Court stayed the claims against Nikola. ECF No. 45 at 1. In an exercise of the Court's inherent discretion, this Court also denied the motion to dismiss (which had been filed on behalf of Nikola and the Individual Defendants) "without prejudice to re-file within 14 days of the stay being lifted in this Court"—effectively staying all proceedings, including against the Individual Defendants, until the conclusion of the bankruptcy matter, *In re Nikola Corporation*, No. 25-10258 (Bankr. D. Del.) ("Bankruptcy Action"). *Id* at 2. The Court also concluded that Plaintiff's Section 20(a) claim could not proceed in the absence of Nikola. *Id.* In response, Plaintiff voluntarily dismissed Nikola without prejudice, ECF No. 46, and filed a "Response to Suggestion of Bankruptcy and Order," arguing that the claims against the Individual Defendants should proceed because "stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants." ECF No. 47 at 3 (citation omitted).[1]

The Individual Defendants respectfully submit that the Court should stay the claims against the Individual Defendants. Regardless of the contours of section 362(a) of the Bankruptcy Code, the Court has the inherent authority to stay the case as to the Individual Defendants. *See Landis* v. *N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy

---

[1] Plaintiffs separately argue that Section 20(a) liability is still available in Nikola's absence as a general matter. The Individual Defendants respectfully submit that this issue is not currently ripe for review and request that the Court permit the Individual Defendants to brief this issue, if needed, following the Court's lifting of the stay.

of time and effort for itself, for counsel, and for litigants"); *In re Baldwin–United Corp. Litig.*, 765 F.2d 343, 347 (2d Cir. 1985) ("Whether the stay applies to litigation otherwise within the jurisdiction of a district court or court of appeals is an issue of law within the competence of both the court within which the litigation is pending and the bankruptcy court in supervising the reorganization." (citations omitted)). Courts in the Ninth Circuit thus frequently stay cases against co-defendants of a debtor where "special circumstances" warrant extension of the automatic stay, and where staying proceedings serves the interests of judicial efficiency. *See, e.g., Tuller* v. *Tintri, Inc.*, 2018 WL 4385652 (N.D. Cal. Sept. 14, 2018) (extending automatic stay to non-debtors in securities fraud action); *J & J Sports Prods., Inc.* v. *Brar*, 2012 WL 4755037, at *2 (E.D. Cal. Oct. 3, 2012) (staying action against non-debtor "under its inherent authority since doing so would be efficient for the court and the fairest course for the parties"); *Zurich Am. Ins. Co.* v. *Trans Cal Assocs.*, 2011 WL 6329959, at *2–3 (E.D. Ca. Dec. 15, 2011) (similar).

When considering whether to stay claims pending against non-debtor defendants, courts in the Ninth Circuit consider whether "(1) there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor, or (2) extending the stay against codefendants contributes to the debtor's efforts of rehabilitation." *J & J Sports Prods. Inc.*, 2012 WL 4755037, at *1 (quotation omitted); *In re Johns–Manville Corp.*, 33 B.R. 254, 262–64 (Bankr. S.D.N.Y. 1983) (staying action against debtor's key officers and insurers because such actions would drain assets in debtor's estate). Both criteria are present here.

*First*, Plaintiff's complaint by and large challenges statements made by Nikola, rather than statements by the Individual Defendants. *See generally* ECF No. 34 at 11–15. Because "plaintiff's complaint addresses allegations of misconduct by all defendants without much, if any, particularization as to the specific role played by each defendant . . . [t]here can be no determination as to the liability of the Individual Defendants [] without first resolving whether Debtor [company] has made a material misrepresentation in violation of the securities laws at issue." *Tintri, Inc.*, 2018 WL 4385652, at *2. Courts in similar circumstances have found that

3

the executives of a company charged with securities fraud have such "identity" with the corporation going through bankruptcy that "the automatic stay . . . may apply to" the executives as well as the company. *Id.*

*Second*, Nikola will be severely burdened if the claims against the Individual Defendants proceed now. The Individual Defendants are both former high-ranking executives at Nikola, who may seek indemnification from Nikola. *See In re Lomas Fin. Corp.*, 117 B.R. 64, 68 (S.D.N.Y. 1990) (the automatic stay extends to corporate officers who are entitled to indemnification and where the claims "aris[e] out of acts performed in their capacity as [corporate] officers."). The Individual Defendants are also insureds under Nikola's Director & Officer policies, which courts have deemed to be property of the debtor's estate. *See In re Circle K Corp.*, 121 B.R. 257, 261 (Bankr. D. Ariz. 1990) (securities class action in district court may not proceed where claims implicated insurance policies covering officers and directors because "[t]he fact [that a] debtor may not receive all benefits or proceeds under the insurance does not affect its current status as estate property"). The potential impact of those policies on Nikola's bankruptcy obligations warrants extending the stay in support of the reorganization process. *See In re Minoco of Group of Cos., Ltd.*, 799 F.2d 517, 518–19 (9th Cir. 1986); *In re Circle K Corp.*, 121 B.R. at 261–2.

Moreover, this matter will necessarily require extensive discovery *from Nikola*, given that Nikola—not Russell and Lohscheller—possesses the vast majority of the relevant and discoverable documents, and still employs potentially relevant witnesses. Proceeding with this case now, rather than waiting for Nikola to complete reorganization, poses an unnecessary distraction to Nikola.

*Finally*, temporarily staying this case against the Individual Defendants until the Bankruptcy Action is resolved will also promote judicial efficiency. Plaintiff dismissed Nikola *without* prejudice. *See* ECF No. 46. Thus, Nikola may be re-named a defendant here after emerging from the Bankruptcy Action, without having had the opportunity to defend itself at the motion to dismiss stage, which could require relitigation of the same issues, or prejudice to Nikola, which cannot litigate the motion to dismiss while it is subject to the automatic stay. Courts

4

frequently extend the automatic stay to prevent such duplicative litigation. *See Tintri*, *Inc.*, 2018 WL 4385652, at *3 ("a stay of the instant action as it applies to Non-Debtors is in the interest of efficiency and will avoid relitigation of the issues presented"); *Wordtech Sys.*, *Inc.* v. *Integrated Network Sols., Inc.*, 2012 WL 6049592, at *3 (E.D. Cal. Dec. 5, 2012) (extension of a stay appropriate where "it would be more efficient to stay the entire case while claims against some defendants are subject to the automatic stay, rather than to proceed with the litigation on a piecemeal basis." (internal quotation and formatting omitted)).

For all the foregoing reasons, the Court should stay this matter pursuant to its inherent authority, which will serve to simplify the issues in this litigation and prevent prejudice to the Individual Defendants and to Nikola.

**RESPECTFULLY SUBMITTED** on March 10, 2025.

**WILENCHIK & BARTNESS, P.C.**

*/s/ Dennis I. Wilenchik*
Dennis I. Wilenchik, Esq.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com

**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**

*/s/ Brad S. Karp*
Brad S. Karp, Esq. (admitted *pro hac vice*)
Susanna M. Buergel, Esq. (admitted *pro hac vice*)
Gregory F. Laufer, Esq. (admitted *pro hac vice*)
Alison R. Benedon, Esq. (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019-6064
bkarp@paulweiss.com
sbuergel@paulweiss.com
glaufer@paulweiss.com
abenedon@paulweiss.com

*Attorneys for Defendants Mark A. Russell and Michael Lohscheller*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2025, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System, which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

 /s/ Christine M. Ferreira