**ZWILLINGER WULKAN PLC**
Scott H. Zwillinger
2020 North Central Avenue, Suite 675
Phoenix, AZ 85004
Telephone/Fax: (602) 962-0207
E-mail: scott.zwillinger@zwfirm.com

*Liaison Counsel for Lead Plaintiff and the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton (admitted *pro hac vice*)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Lead Plaintiff and the Class*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randolph C. Reyes, et al.,<br><br>        Plaintiff,<br><br>    v.<br><br>Mark A. Russell, et ano.,<br><br>        Defendants. | No. CV-23-02131-PHX-DJH (DMF)<br><br>**<u>CLASS ACTION</u>**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY [49]** |

**PRELIMINARY STATEMENT**

The Individual Defendants should not be allowed to stay this action. The automatic bankruptcy stay under Section 362(a) of the U.S. Bankruptcy Code does not apply to non-debtor co-defendants. Consequently, the Individual Defendants must either obtain an extension of the stay from the U.S. Bankruptcy Court in the District of Delaware where Nikola Corporation's bankruptcy is proceeding or, alternatively, make the necessary showing for a discretionary stay from this Court under *Landis v. North American Co.*, 299 U.S. 248 (1936). The Individual Defendants have not filed any motion for a stay with the bankruptcy court and do not carry their burden under *Landis*.

The Ninth Circuit recently addressed the *Landis* factors in *In re PG&E Corp. Securities Litigation*, 100 F.4th 1076 (9th Cir. 2024). In response to a request for a stay, a court must consider: (1) the possible damage resulting from the stay; (2) the hardship or inequity a party may suffer if the action is not stayed; and (3) potential for judicial efficiency if a stay is granted. *See Landis*, 299 U.S. at 254-55. "[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id*. at 255. Similar to the defendants in *PG&E*, the Individual Defendants do not make the showing necessary to support their request for a stay.

Chief among the reasons standing ***against*** granting the stay is the reality that there is no overlap between Plaintiff's claims and the claims being adjudicated in the bankruptcy proceedings. There is no benefit of judicial efficiency to be had in this instance because the bankruptcy does not entail any overlap of issues, proof, or questions of law. Moreover, while the Individual Defendants claim that proceeding with this action will unnecessarily burden Nikola with distraction, that is not enough to outweigh the prejudice and harm Plaintiff will face from the delay he will have to endure while the bankruptcy is completed. The Individual

1

Defendants' argument also lacks credibility, given that Nikola has already agreed to allow other securities fraud claims to proceed against its founder and former CEO, Trevor Milton, in *Borteanu v. Nikola Corporation, et al.*, No. 2:20-cv-01797-SPL (D. Az.) (the "*Borteanu* Action"). The Individual Defendants make no effort to explain why discovery in the *Borteanu* Action can proceed during the bankruptcy while discovery in this action would somehow "pose[] an unnecessary distraction." *See* Motion to Stay, ECF No. 49 at 4:20-21.

The Individual Defendants are directly responsible for no less than 20 of the approximately 25 false and misleading statements alleged in Plaintiff's Amended Complaint. This means that the Individual Defendants can be held directly liable under Section 10(b) of the Exchange Act for the majority of the false statements at issue, even without Nikola being a named defendant. Staying this action over Nikola's relatively small role in the case would not serve any legitimate purpose.

## ARGUMENT

### A.    The Bankruptcy Stay Does Not Extend to the Individual Defendants.

The Court previously noted that the "automatic bankruptcy stay does not automatically extend to co-defendants of the debtor." ECF No. 45 at 1 n.1. That is true. "[S]tays pursuant to [11 U.S.C. §362(a)] are limited to debtors and do not include non-bankrupt co-defendants." *Ingersoll-Rand Fin. Corp. v. Miller Mining Co.*, 817 F.2d 1424, 1427 (9th Cir. 1987). Ninth Circuit case law is firm on this point. While other circuit courts make exceptions to this rule when the debtor is the real party in interest or is otherwise an indispensable party, the Ninth Circuit does not. *See Klinkenborg Aerial Spraying & Seeding, Inc. v. Rotorcraft Dev. Corp.*, 690 F. App'x 540, 540 (9th Cir. 2017) ("We have never adopted the 'unusual circumstances' exception in the Ninth Circuit and we decline to do so here."). To be sure, even in the presence of "unusual circumstances" that qualify as exceptions in other circuits, the Ninth Circuit has held that the Bankruptcy Court—not the District Court—must extend the stay under its equity jurisdiction. *See In re Chugach Forest Prods.*, 23 F.3d 241, 247 n.6 (9th Cir. 1994); *see also Klinkenborg Aerial Spraying &*

*Seeding, Inc.*, 690 F. App'x at 540-41 ("even if we were to adopt 'unusual circumstances' exception, the exception requires the bankruptcy court to extend the automatic stay using its equity jurisdiction after hearing and the establishment of unusual need to take this action to protect the administration of the bankruptcy estate") (quoting *In re Excel Innovations, Inc.*, 502 F.3d 1086, 1096 (9th Cir. 2007)).[1]

Nikola's bankruptcy proceedings are taking place in the United States Bankruptcy Court for the District of Delaware. *See In re Nikola Corporation*, No. 25-10258 (Bankr. D. Del.) ("*Nikola* Bankruptcy"). To date, no application has been made in the Bankruptcy Court to take the extraordinary step of extending the automatic bankruptcy stay to the non-debtor defendants in this case, *i.e.*, the Individual Defendants Mark A. Russell and Michael Lohscheller. In fact, Nikola has taken a contrary position by affirmatively allowing and representing that a pre-existing securities fraud action can and should proceed against another of its former CEOs, Trevor Milton. In the *Borteanu* Action, Defendants Nikola, Kim J. Brady, and Mark A. Russell (represented by Paul, Weiss, Rifkind, Wharton & Garrison LLP who also represent the Individual Defendants in this action) explicitly notified the court that the plaintiff's securities fraud claims "will continue" against Mr. Milton notwithstanding the bankruptcy. *See* Joint Notice, *Borteanu* Action, ECF No. 243 (attached hereto as Exhibit A).

The Individual Defendants appear to concede this point. In their Reply to Plaintiffs' Response to Suggestion of Bankruptcy (which was administratively converted into the present Motion to Stay, ECF No. 49), they ask the Court to use its "inherent authority to stay the case" instead of extending the automatic bankruptcy stay. *See* Motion to Stay, ECF No.

---

[1] District Courts within the Ninth Circuit adhere strictly to this rule and will not extend the bankruptcy stay absent an order from the bankruptcy court. *See*, *e.g.*, *UniCredit Bank Austria AG v. Inmobiliaria y Arrendadora Cuadro S.A. de C.V.*, No. CV-23-01991-PHX-KML, 2024 U.S. Dist. LEXIS 226749, at *10 (D. Ariz. Dec. 16, 2024); *Providence Capital Funding, Inc. v. Morale Orchards, LLC*, No. 8:20-cv-02232-JLS-JDE, 2022 U.S. Dist. LEXIS 236208, at *3 (C.D. Cal. July 12, 2022); *Dish Network, LLC v. Jadoo Tv, Inc.*, No. CV 18-9768-FMO (KSx), 2019 U.S. Dist. LEXIS 165946, at *15 (C.D. Cal. Aug. 14, 2019).

49 at 2:20-21 ("Regardless of the contours of section 362(a) of the Bankruptcy Code, the Court has the inherent authority to stay the case as to the Individual Defendants."). Consequently, the Individual Defendants cannot stay this case based on the automatic stay provisions within the Bankruptcy Code.

**B.     Plaintiff's Section 10(b) Claims Can and Should Proceed Against Russell and Loscheller.**

In the absence of the automatic bankruptcy stay, the Individual Defendants ask the Court to use its "inherent authority" in granting a discretionary stay. *See* Motion to Stay, ECF No. 49 at 2:20-21 (citing *Landis*, *supra*). "The exertion of this power calls for the exercise of a sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The competing interests that a district court must weigh in deciding whether to grant a stay include the following: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*. (citing *Landis*, 299 U.S. at 254-55). The case law refers to these factors as the "*Landis* factors."

The Ninth Circuit recently addressed the *Landis* factors in *PG&E*, *supra*. The plaintiffs in *PG&E* were shareholders asserting violations of the federal securities laws. The defendants included PG&E Corporation and Pacific Gas & Electric Company along with several of their current and former officers and directors. Shortly after the case commenced, the corporate defendants filed for Chapter 11 bankruptcy. The bankruptcy proceedings included a claims process whereby shareholders of the corporate defendants could resolve their claims. The district court ultimately stayed the entirety of plaintiffs' case pending the resolution of the bankruptcy proceedings, including the shareholder claims process. *Id*. at 1082-83.

The Ninth Circuit reviewed the district court's stay order for an abuse of discretion, explaining that "a decision to stay proceedings 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Id*. at 1085 (quoting *Landis*, 299 U.S. at 254-55). The Ninth Circuit examined the third *Landis* factor first and agreed with the district court that the claims process in the bankruptcy proceedings, which necessarily required the bankruptcy court to resolve "identical factual and legal issues[,] could promote efficient adjudication" and therefore supported the stay. *Id*. at 1086-87. However, because "judicial efficiency . . . standing alone is not necessarily a sufficient ground to stay proceedings" (*id*. at 1085), the Ninth Circuit ultimately vacated the stay because of the hardships and prejudice it imposed on the plaintiffs. Quoting *Landis*, the Ninth Circuit wrote that "the Supreme Court made clear that 'if there is even a fair possibility that the stay . . . will work damage to some one else,' the party seeking a stay 'must make out a clear case of hardship or inequity in being required to go forward.'" *Id*. at 1087 (quoting *Landis*, 299 U.S. at 255). The *PG&E* defendants did not "articulate any prejudice that they [would] suffer from having to continue litigating" and, therefore, failed to carry their burden given the prejudice faced by the plaintiffs (*e.g.*, lost evidence, competition over limited insurance, inability for class members to submit claims in the bankruptcy proceedings). *Id*. at 1087.

Proper consideration of the *Landis* factors in this action should lead to the same result, *i.e.*, refusing to stay Plaintiff's claims against the Individual Defendants. With respect to the first *Landis* factor, Plaintiff and other class members face significant prejudice and potential damage if the action is stayed. Plaintiff's claims arise from Nikola's roll-out of the defective Tre BEV trucks in 2022. The pivotal "quality readiness review" meeting where Defendant Lohscheller was told the trucks were defective occurred in April of that year, nearly three years ago already. *See* Amended Complaint, ECF No. 24, ¶¶4, 35-36. As additional time lapses, attendees at that meeting (and others like it, such as the "motor leadership meetings" in December 2022 and January 2023, *see id*. at ¶¶41, 43) will become less likely to recall

PLAINTIFF'S OPPOSITION TO MOTION TO STAY
No. CV-23-02131-PHX-DJH (DMF)

important details. Moreover, this case involves physical evidence (*i.e.*, the exploding batteries) that also may be lost, especially as custody of the evidence transfers between various custodians during the bankruptcy. *See*, *e.g.*, *In re Pac. Gateway Exch., Inc. Sec. Litig.*, No. C 00-1211 PJH (JL), 2001 U.S. Dist. LEXIS 18433, at *4 (N.D. Cal. Oct. 15, 2001) (granting modification to discovery stay to avoid prejudice arising from documents lost during bankruptcy).

Plaintiff and class members faces additional potential prejudice from expiring statutory deadlines, such as the statute of limitations and statute of repose. The Class Period in this action spans from April 27, 2022 through September 7, 2023. *See* Amended Complaint, ECF No. 24 at ¶7. Section 10(b) of the Exchange Act and SEC Rule 10b-5 carry a two-year statute of limitations (starting from discovery of the facts constituting the violation) and a five-year statute of repose (starting from the violation itself, *i.e.*, the misrepresentation). Depending on when and how the Court adjudicates the Individual Defendants' motion to dismiss, Plaintiff may be unable to remediate allegations against certain misrepresentations if, for example, the statute of repose has run by that point. *See Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 582 U.S. 497, 507 (2017) (holding statute of repose is generally not subject to tolling). Similarly, absent class certification inside the applicable time periods, the class could potentially lose standing to pursue its claims on a class-wide basis. *See China Agritech, Inc. v. Resh*, 584 U.S. 732, 740-44 (2018) (precluding untimely class action from being filed after denial of class certification). Nikola's bankruptcy just recently commenced (on February 19, 2025). It could easily last "a year or more before confirmation." *See generally In re Johnson*, 279 B.R. 218, 230 (Bankr. M.D. Tenn. 2002). If the action is stayed, class members may be irreparably damaged if motions on the pleadings are not decided and/or class certification is ultimately denied without any ability to renew the motion or file individual actions (because time limits will have run by that point). The "possible damage which may result from the granting of a stay" is significant, meaning the first *Landis* factor weighs against staying the action.

6

Regarding the second *Landis* factor, the Ninth Circuit explained in *PG&E* that "'if there is even a fair possibility that the stay . . . will work damage to some one else,' the party seeking a stay 'must make out a ***clear case of hardship or inequity*** in being required to go forward.'" *In re PG&E Corp. Sec. Litig.*, 100 F.4th at 1087 (quoting *Landis*, 299 U.S. at 255) (emphasis added). The Individual Defendants cannot make this showing. Unlike *PG&E*, there is no claims process in the bankruptcy proceedings resolving "identical factual and legal issues" capable of "promot[ing] efficient adjudication." *Id*. at 1086-87. The bankruptcy proceedings will unfold while Plaintiff's claims sit idle waiting only to resume at some unknown point possibly years in the future. Thus, there is no risk of inconsistent rulings, unlike the case in *PG&E*. *See id*. at 1087 n.10.

The Individual Defendants do not contest this point but instead argue that "Nikola will be severely burdened" if Plaintiff's case is allowed to proceed because of a "potential impact" on "Director & Officer policies" as well as requiring "extensive discovery from Nikola." *See* Motion to Stay, ECF No. 49 at 4:4-21. There is nothing in the record to support these arguments. The Individual Defendants have not identified any "Director & Officer policies" applicable to Plaintiff's claims let alone demonstrated that they would qualify as "assets" belonging to Nikola's estate in bankruptcy. Indeed, Delaware law (which applies to Nikola's bankruptcy) holds that "when the liability policy provides the debtor with indemnification coverage but indemnification either has not occurred, is hypothetical, or speculative, ***the proceeds are not property of the bankruptcy estate***." *In re Allied Dig. Techs. Corp.*, 306 B.R. 505, 512 (Bankr. D. Del. 2004) (emphasis added). Nikola is no longer a defendant in this action and there are no non-speculative claims pending against Nikola for which the "Director & Officer policies" would cover, according to Nikola's bankruptcy filings. *See* Declaration of Stephen J. Girsky in Support of Chapter 11 Petitions and First Day Motions, *Nikola* Bankruptcy, ECF No. 18, ¶¶46-47 (attached hereto as Exhibit B). Thus, the Individual Defendants cannot rely on the mere existence of "Director & Officer policies" to make the ***clear case*** of hardship or inequity necessary for the second *Landis*

7

factor. *See In re Downey Fin. Corp.*, 428 B.R. 595, 607 (Bankr. D. Del. 2010) (holding that "indemnification in this case is hypothetical or speculative, and that the Policy's indemnification coverage, like its entity coverage, is no longer protecting the estate's other assets from diminution"); *see also In re MILA, Inc.*, 423 B.R. 537, 543-44 (B.A.P. 9th Cir. 2010) (citing *Allied Digital* in support of order allowing payment of defense costs from insurance policy over trustee objection).

The Individual Defendants' reference to the action's discovery burden on Nikola also fails to make "a clear case of hardship or inequity." *See In re PG&E Corp. Sec. Litig.*, 100 F.4th at 1087 (internal quotations omitted). Nikola (and its counsel) have already agreed to allow the *Borteanu* Action to proceed against Nikola's founder and former CEO, Trevor Milton. *See* Exhibit A. Discovery is already underway in that action, which appears to be considerably more expansive based on the publicly available filings on the docket (*e.g.*, the Joint Rule 26(f) Report and multiple Notices of Service of Discovery). The Individual Defendants do not address this and make no attempt at explaining why, on one hand, discovery in this action is too much to handle but, on the other hand, discovery in the *Borteanu* Action is acceptable, *i.e.*, does not "pose[] an unnecessary distraction to Nikola." *See* Motion to Stay, ECF No. 49 at 4:20-21. Having failed to establish a ***clear case*** of hardship or inequity necessary, the second *Landis* factor weighs against a stay.

Finally, the third *Landis* factor likewise weighs against staying the action. There will be no judicial efficiency gained from a stay but instead only delay. There is no claims process in the bankruptcy proceedings resolving "identical factual and legal issues" and, therefore, staying the action in favor of the bankruptcy does not "promote efficient adjudication." *Id*. at 1086-87. Further, the Individual Defendants mischaracterize Plaintiff's claims when arguing that the "complaint by and large challenges statements made by Nikola, rather than statements by the Individual Defendants." *See* Motion to Stay, ECF No. 49 at 3:21-22. Of the approximately 25 alleged false and misleading statements in the complaint, the Individual Defendants are "makers" of all of the statements except five (5). *See* Amended

8

Complaint, ECF No. 24, ¶¶56-129. These limited five statements consist of four press release excerpts and one message posted on Twitter. *See id.* at ¶¶92, 100, 102, 115, 117. The remainder of the false and misleading statements are either quotes directly from the Individual Defendants (in press releases or made during conference calls) or statements in SEC filings signed by the Individual Defendants. Thus, this case is not like *Tuller v. Tintri, Inc.* (cited by the Individual Defendants, Motion to Stay, ECF No. 49 at 3:22-4:3), where the plaintiff failed to "attribute the basis of the alleged misconduct . . . to specific defendants." *Tuller v. Tintri, Inc.*, No. 17-cv-05714-YGR, 2018 U.S. Dist. LEXIS 158392, at *5 (N.D. Cal. Sep. 14, 2018). Instead, Plaintiff attributes specific acts of misconduct to the Individual Defendants at all possible times and even attributes specific knowledge to the Individual Defendants, namely Lohscheller's knowledge of the defect based on his interactions with CW1. *See* Amended Complaint, ECF No. 24, ¶¶4, 35-36. Unlike *Tuller v. Tintri, Inc.*, a determination of Section 10(b) liability can be made as to the Individual Defendants without needing to determine liability against Nikola.

The Individual Defendants' argument on this point is further undermined by cases in which courts refuse to stay civil proceedings in favor of criminal proceedings, which present a clear overlap of issues and identity between parties. For example, in *SEC v. Sripetch*, No. 20-cv-01864-H-BJC, 2024 U.S. Dist. LEXIS 158091 (S.D. Cal. Sep. 3, 2024), the court denied the defendant's motion to stay the SEC's civil action pending resolution of a parallel criminal proceeding. Despite the overlap between the actions, the court held that "requested stay would be indefinite in nature" and "strongly weigh[ed] against staying the civil case." *Id.* at *9-10. The court also considered the SEC's "strong interest in proceeding expeditiously to protect investors and remedy violations of the securities laws." *Id.* at 11 (internal quotations omitted). Plaintiff shares the same interest in proceeding expeditiously and recovering investor losses. This interest outweighs the Individual Defendants' interest in staying the case, especially in the absence of any commonality or overlap with the bankruptcy proceedings.

Given the separate and distinct nature of Plaintiff's claims against the Individual Defendants relative to Nikola's bankruptcy proceedings, there is no reason to believe that staying this action will somehow give rise to "judicial efficiency." Consequently, the third *Landis* factor weighs against the stay.

**C.**     <u>**Russell and Loscheller Can Be Liable for Violating Section 20(a) Without Nikola Corporation in the Action.**</u>

SEC Rule 10b-5(b) states "It shall be unlawful for any ***person***, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange, . . . [t]o make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading . . . ." 17 C.F.R. §240.10b-5(b) (emphasis added). Liability can be imposed against anyone who "makes" an untrue statement of material fact. *See Borteanu v. Nikola Corp.*, No. CV-20-01797-PHX-SPL, 2023 U.S. Dist. LEXIS 237035, at *18-21 (D. Ariz. Dec. 8, 2023) (quoting *Janus Capital Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 142 (2011)). Thus, the Individual Defendants without doubt can be held directly liable under Section 10(b) and Rule 10b-5(b) for the alleged false and misleading statements they made during the Class Period. Their liability is direct and not dependent upon the liability of any corporate defendant, *i.e.*, Nikola.

In addition, the Individual Defendants can ***also*** be held liable as "control persons" for the statements made by Nikola, regardless of whether Nikola is a named defendant. This scenario is limited to the five statements made by Nikola and not directly attributable to either of the Individual Defendants. *See* Amended Complaint, ECF No. 24, ¶¶92, 100, 102, 115, 117 (four press release excerpts and one message on Twitter). "So long as the Complaint adequately alleges the elements of a Rule 10b-5 claim against [Nikola] as a corporation, it is of no moment that [Nikola] is not a named defendant due to bankruptcy." *Sgalambo v. McKenzie*, 739 F. Supp. 2d 453, 486 n.203 (S.D.N.Y. 2010) (citing *In re*

10

*Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 285 (3d Cir. 2006) ("[T]here is no requirement in the language of [Section 20(a)] that the controlled person be named as a defendant as a predicate to imposing liability upon the controlling individual defendants.")); *see also SEC v. Hawk*, No. 03:05-CV-00172-LRH-VPC, 2007 U.S. Dist. LEXIS 57414, at *8 (D. Nev. Aug. 3, 2007) ("the majority of courts to address the issue have concluded that it is not necessary to join the primary violator in an action against a control person") (collecting cases). Consequently, Nikola's dismissal from the action does not necessarily bar Section 20(a) liability against either of the Individual Defendants.

## CONCLUSION

For the foregoing reasons, Plaintiff's action against the Individual Defendants should not be stayed. Plaintiff respectfully requests that the Court decide the Individual Defendants' pending motion to dismiss or, alternatively, direct the Individual Defendants to respond to Plaintiff's Amended Complaint.

RESPECTFULLY SUBMITTED this 24th day of March 2025.

**ZWILLINGER WULKAN PLC**

By:  */s/ Scott Zwillinger*
Scott Zwillinger
2020 North Central Avenue, Suite 675
Phoenix, Arizona 85004
*Liaison Counsel for Randolph C. Reyes
and Proposed Liaison Counsel for the
Class*

**LEVI & KORSINSKY LLP**

By:  */s/ Adam M. Apton*
Adam M. Apton
33 Whitehall Street, 17th Floor
New York, NY 10004
*Lead Counsel for Randolph C. Reyes
and Proposed Lead Counsel for the
Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2025, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on all counsel of record via the Court's CM/ECF system.

*/s/ Brittany T.*
BRITTANY THALER

PLAINTIFF'S OPPOSITION TO MOTION TO STAY
No. CV-23-02131-PHX-DJH (DMF)