**WILENCHIK & BARTNESS**
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone: 602-606-2810    Facsimile: 602-606-2811

Dennis I. Wilenchik, #005350
admin@wb-law.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Brad S. Karp (*pro hac vice*)
Susanna M. Buergel (*pro hac vice*)
Gregory F. Laufer (*pro hac vice*)
Alison R. Benedon (*pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
bkarp@paulweiss.com
sbuergel@paulweiss.com
glaufer@paulweiss.com
abenedon@paulweiss.com

*Attorneys for Defendants*
*Mark A. Russell and Michael Lohscheller*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randolph C. Reyes, et al.,<br><br>    Plaintiff,<br><br>vs.<br><br>Nikola Corporation, et al.,<br><br>    Defendants. | Case No. 2:23-cv-02131-PHX-DJH (DMF)<br><br>**MARK A. RUSSELL AND MICHAEL LOHSCHELLER'S REPLY IN SUPPORT OF STAY OF PROCEEDINGS** |

Defendants Mark A. Russell and Michael Lohscheller by and through their undersigned counsel respectfully submit this reply to Plaintiff's Opposition (ECF No. 51, "Opposition" or "Opp.") to Defendants' Motion to Stay Proceedings (ECF No. 49, "Motion" or "Mot.").[1]

## PRELIMINARY STATEMENT

In the Motion, the Individual Defendants showed that courts frequently stay claims against non-debtor directors and officers of companies that have filed for bankruptcy under circumstances materially indistinguishable from those present here. In particular, a stay will benefit Nikola and the Individual Defendants by obviating the need to engage in what will doubtlessly be burdensome, expensive and distracting discovery while Nikola's bankruptcy is pending, and will likewise promote judicial economy and forestall the potential re-litigation of duplicative issues.

Against established caselaw and these indisputable facts, Plaintiff is nonetheless militating to immediately reinvigorate their claims against the Individual Defendants for what appear to be four main reasons, none of which is persuasive.

***First***, Plaintiff does not meaningfully respond to the Individual Defendants' showing that the absence of a stay will prejudice both them and Nikola by subjecting Nikola to burdensome discovery and eroding an insurance policy that belongs to, and is thus property of, the bankruptcy estate.  Plaintiff argues that the resumption of these proceedings will not prejudice Nikola and the Individual Defendants merely because discovery is not stayed in a much earlier-filed securities litigation arising out of completely unrelated facts and against different defendants.  But discovery in that other securities litigation has been ongoing since ***December 2023*** and has long been ***nearly complete***.  Here, in contrast, discovery has not even begun (and will in any event be stayed under the PSLRA unless and until the Court denies the Individual Defendants' pending motion to dismiss). Plaintiff also claims that no stay should be granted for the Individual Defendants because any Nikola insurance coverage is unavailable in this action: according to Plaintiff, the Individual Defendants have not identified any applicable insurance policies "in the record" that would qualify

---

[1] Except as otherwise defined herein, all capitalized terms have the same meanings assigned to them in the Motion.

as assets in Nikola's bankruptcy estate. But the Individual Defendants are not required to produce *any* policies to Plaintiff at this stage. In any event, the Individual Defendants represent that there exists an insurance policy applicable here that provides personal liability coverage to the Individual Defendants and to Nikola[2] such that at least some of the policy's proceeds are unquestionably part of Nikola's bankruptcy estate.

*Second*, Plaintiff points to the potential for "lost evidence" to argue he will somehow be prejudiced by a stay. But that argument is foreclosed by settled case law holding that there is no prejudice from a stay where the party seeking the stay is aware of and honoring its preservation obligations. Plaintiff further argues that a tolling statute (either the statute of limitations or repose) may result in the extinguishment of his claims, but that is not a risk Plaintiff faces; that risk is instead only extant—if at all—for putative class members who may opt out of the class, which of course has not occurred, and to the extent it does occur, it would not be until much later in these proceedings. Thus, there is no present risk of prejudice to Plaintiff if a stay is granted.

*Third*, Plaintiff contends that a stay will not promote judicial efficiency because the bankruptcy court is not adjudicating the securities fraud claims. That argument makes no sense: *of course* the bankruptcy court is not adjudicating a securities fraud action. In any event, that argument ignores the fact that efficiency *here* is furthered by avoiding piecemeal litigation *here*; *i.e.*, there is no sound reason to litigate the very same claims against the Individual Defendants and then against Nikola later on.

*Finally*, contrary to Plaintiff's insistence, the Court properly dismissed Plaintiff's Section 20(a) claims. However, the Individual Defendants maintain that this issue is not ripe for adjudication and should be addressed in connection with renewed motion to dismiss briefing.

## ARGUMENT

As the Motion showed, this Court is empowered under its inherent authority as elucidated by decades of caselaw to stay the claims against the Individual Defendants during the pendency of Nikola's bankruptcy. In the Opposition, Plaintiff argues that the Individual Defendants failed

---

[2] The Individual Defendants are of course prepared to provide this policy for *in camera* inspection.

to "make the necessary showing for a discretionary stay from this Court under *Landis* v. *North American Co.*" Opp. at 1 (citing 299 U.S. 248 (1936)).  But, the Ninth Circuit has made clear that *Landis* was **not** intended "to be read to restrict unduly the ability of [] the district court . . . to issue stays under other doctrines." *Lockyer* v. *Mirant Corp.*, 398 F.3d 1098, 1112–13 (9th Cir. 2005).  None of the arguments Plaintiff proffers in his Opposition indicate that a discretionary stay is unwarranted here.

### I. Nikola and the Individual Defendants Would Be Prejudiced Absent a Stay

The Motion established that Nikola would be prejudiced absent a stay because (1) discovery will burden Nikola, and (2) the Individual Defendants are insureds on Nikola's insurance policy.  Plaintiff has no meaningful response to either argument.

*First*, the Motion showed that discovery in this case depends largely, if not practically exclusively, on documents and information in Nikola's possession, custody, or control.  Plaintiff attempts to elide that fact by arguing that discovery here will not be burdensome, relying entirely on misguided speculation about the status of another, totally unrelated securities fraud action involving Nikola, *Borteanu et al.* v. *Nikola Corp. et al.*, No. 20-cv-1797 (SPL) (D. Ariz.) ("*Borteanu*").  In particular, Plaintiff asserts that because discovery is "already underway" in *Borteanu*, discovery in this case would not pose a hardship to Nikola. Opp. at 8.  But the *Borteanu* case arose out of completely unrelated facts and is brought against different defendants.  And discovery has been ongoing in *Borteanu* since **December 2023**, with document discovery nearly complete since long before Nikola filed for bankruptcy.  Discovery here, in stark contrast, has not even begun, and will not begin unless and until the pending motion to dismiss is denied in whole or in part.  And, there can be little doubt that discovery in this case will impose substantial burdens on Nikola, as Plaintiff will undoubtedly demand that Nikola collect, search and review documents from current and former employees that are solely in Nikola's possession.  Plaintiff is also apparently seeking to **physically inspect** Nikola batteries, Opp. at 6, a request that necessarily would require site visits and coordination with current Nikola employees and counsel.

*Second*, the Motion also showed that a stay is warranted here because the Individual Defendants are insureds under Nikola's insurance policy, which is property of the estate.  Mot. at

3

4. Critically, Plaintiff does not contest this point, but argues that the policy has not been identified in the record. Opp. at 7. There is, however, no requirement that there be an evidentiary showing on a motion to stay, and Plaintiff has pointed to none here. Nor, for that matter, is Plaintiff entitled to production of Nikola's insurance policy at this incipient stage of these proceedings. In any event, we can represent to the Court that there is a "Directors and Officers" insurance policy (the "D&O Policy") applicable here that provides personal liability coverage to the Company's directors and officers and to Nikola. (We would of course be prepared to provide a copy of the D&O Policy to the Court for *in camera* inspection.) Thus, at least some of the policy's proceeds are property of Nikola's estate since they would be payable to Nikola. *See In re SN Liquidation, Inc.*, 388 B.R. 579, 584 (Bankr. D. Del. 2008) (where "the policy at issue provides coverage to both debtor, on the one hand, and its directors and officers on the other," raising the "risk that indemnity payments . . . will result in insufficient coverage," the policy was estate property); *see also In re Circle K Corp.*, 121 B.R. 257, 261 (Bankr. D. Ariz. 1990) ("[T]hat debtor may not receive all benefits or proceeds under the insurance does not affect its current status as estate property . . . ."). Without a stay, the Individual Defendants may have to draw upon these policies, thereby depleting an asset of the estate. Mot. at 4.

## II. Plaintiff Has Not Shown That Prejudice Would Result From a Temporary Stay

The Opposition argues that Plaintiff will be prejudiced by the issuance of a temporary stay on two grounds: (1) the supposed threat of lost evidence; and (2) the potential expiration of the statutes of limitation or repose. Opp. at 5–6. Neither concern is convincing.

*First*, Plaintiff summarily argues that the passage of time will cause memories to fade and "physical evidence" to be lost. *Id*. But those are boilerplate arguments that any litigant resisting a stay would make; if that were all that was required to rebut a moving party's showing that a stay is warranted, it would be a cakewalk for any party resisting a stay. That is not what the case law holds, however. In any event, the Individual Defendants are of course well aware of their preservation obligations and are honoring them, thus minimizing if not outright eliminating any "risk of harm." *See, e.g.*, *Declements* v. *Americana Holdings LLC*, 2020 WL 8181702, at *1 (D. Ariz. Dec. 4, 2020) (staying litigation despite plaintiff's proposed harm regarding potential "loss

1  of evidence" because the defendant company "is aware of its preservation obligations, and Plaintiff may put third parties on notice to preserve evidence as well"); *Borden* v. *eFinancial, LLC*, 2020 WL 7324815, at *3 (W.D. Wash. Oct. 16, 2020) (staying case despite plaintiff's argument "that he faces a risk of an 'irretrievable loss of crucial evidence'" because that "risk appears minimal in light of the parties' obligations to preserve evidence"); *Canady* v. *Bridgecrest Acceptance Corp.*, 2020 WL 5249263, at *4 (D. Ariz. Sept. 3, 2020) (similar). Against the backdrop of these precedents, Plaintiff's reference to *In re Pacific Gateway Exchange, Inc. Securities Litigation* is unpersuasive. The debtor in that case had "moved the bankruptcy court to allow it to sell its assets," which gave rise to a "significant risk" that particular documents "could be irretrievably lost." See 2001 U.S. Dist. LEXIS 18433, at *4 (N.D. Cal. Oct. 15, 2001). Plaintiff does not argue that the same risk is present here; nor could he credibly do so. Moreover, that case involved only a *partial* lifting of a stay, whereas Plaintiff here would have this case proceed *entirely* unstayed as to the Individual Defendants.

*Second*, Plaintiff argues that the potential lapse of the statutes of limitations and repose constitutes "prejudice." Opp. at 6. But any amended complaint filed in this matter after the Court's dismissal of Plaintiff's claims without prejudice would "relate back" to the original complaint for purposes of both the statute of limitations and statute of repose. *See Hogan* v. *Pilgrim's Pride Corp.*, 73 F.4th 1150, 1158–63 (10th Cir. 2023) (pursuant to relation-back doctrine, dismissal without prejudice did not operate to bar later-filed securities fraud complaint after the statute of limitations had expired); Wright & Miller, *Federal Practice and Procedure* § 1497 (2024). Accordingly, the risk that Plaintiff is speculating about simply does not and cannot exist.

Further, the cases Plaintiff cites on this point are irrelevant because they involved opt-out plaintiffs who sought to belatedly bring their own opt-out cases after the applicable statutes had run and (unsuccessfully) argued that their claims had been tolled due to the pendency of a *different* case. *See* Opp at 6; *Cal. Pub. Emps.' Ret. Sys.* v. *ANZ Sec., Inc.*, 582 U.S. 497 (2017); *China Agritech* v. *Resh*, 584 U.S. 732 (2018). Those circumstances do not apply here, and "speculative harm" does not weigh against a stay. *See, e.g., PersonalWeb Techs., LLC* v. *Apple, Inc.*, 69 F.

5

Supp. 3d 1022, 1029 (N.D. Cal. 2014).

### III. Judicial Efficiency Supports a Stay

The Individual Defendants showed in the Motion that temporarily staying this case will promote judicial efficiency because it will prevent re-litigation of issues if Plaintiff later attempts to revive claims against Nikola. Mot. at 4–5; *see also Wordtech Sys., Inc.* v. *Integrated Network Sols., Inc.*, 2012 WL 6049592, at *3 (E.D. Cal. Dec. 5, 2012) (extending stay to non-debtors where "it would be more efficient to stay the entire case" as opposed to proceeding with the litigation on a "piecemeal basis" (internal quotation marks omitted)). Plaintiff ignores that showing entirely, and instead argues that a stay will not support judicial efficiency because the bankruptcy proceeding is not resolving "identical factual and legal issues" as in this case. Opp. at 8. As supposed support, Plaintiff cites *In re PG&E Corp. Securities Litigation*, 100 F.4th 1076, 1086 (9th Cir. 2024), but that case involved application of the *Landis* factors, which do not represent the exclusive framework for a stay analysis. For the same reason, Plaintiff's citation to "cases in which courts refuse[d] to stay civil proceedings in favor of criminal proceedings, which present a clear overlap of issues and identity between parties," Opp. at 9, also misses the mark. The Individual Defendants have not argued that a stay is warranted because the Bankruptcy court is adjudicating the issues presented in this case. Instead, a stay is warranted because it would be inefficient—not to mention prejudicial—to allow the litigation of claims against the Individual Defendants now only to later re-litigate related claims once Nikola emerges from bankruptcy. *See, e.g., Tuller* v. *Tintri, Inc.*, 2018 WL 4385652, at *3 (N.D. Cal. Sept. 14, 2018); *Wordtech*, 2012 WL 6049592, at *3.

In the Motion, the Individual Defendants demonstrated that this case is similar to *Tuller* v. *Tintri*, which stayed claims against non-debtor individual defendants to promote judicial efficiency, explaining that "[t]here can be no determination as to the liability of the Individual Defendants . . . without first resolving whether [the] Debtor . . . has made a material misrepresentation in violation of the securities laws at issue." 2018 WL 4385652, at *2–3. In an effort to bypass that holding, Plaintiff attempts to distinguish *Tintri* by arguing that this case involves allegations of "specific acts of misconduct to the Individual Defendants," whereas *Tintri*

6

challenged statements in a company's registration statement. Opp. at 9. Plaintiff is highlighting a distinction without a difference, as the Individual Defendants' challenged statements in this case largely appear in Nikola's press releases and SEC filings and Plaintiff alleges that Nikola is liable as a result of the Individual Defendants' statements. *See* Compl. ¶¶ 56–125, 153. Precisely as was the case in *Tintri*, if this action is not stayed as to the Individual Defendants, a finding that their statements were false and misleading "will in effect be a judgment or finding against Debtor." 2018 WL 4385652, at *2 (internal quotation marks and citations omitted).

### IV.  Nikola's Dismissal Operates to Bar Plaintiff's Section 20(a) Claims

Nikola noted in its Motion that the Court need not consider at this time whether Plaintiff's Section 20(a) claim can proceed without Nikola as a defendant. Mot. at 2 & n.1. Plaintiff nonetheless argues that the Section 20(a) claim survives Nikola's dismissal. Opp. at 10–11. The Court need not accept Plaintiff's invitation to consider this question in the context of highly compressed briefing on a motion to stay, and the Individual Defendants repeat their request that the Court permit them to separately brief this issue following the Court's lifting of the stay.

In any event, Plaintiff cannot escape that "[a]bsent an underlying violation of the Exchange Act [by the primary violator], *there can be no control person liability under Section 20(a)*." *In re Netflix, Inc. Sec. Litig.*, 923 F. Supp. 2d 1214, 1226 (N.D. Cal. Feb. 13, 2013) (emphasis added). Plaintiff's effort to push ahead with its Section 20(a) claim underscores the need for a stay, as success on its claim would necessarily entail a finding of liability against Nikola.

### CONCLUSION

For all the foregoing reasons and those included in the Motion, the Court should grant the Individual Defendants' request for a stay of litigation against the Individual Defendants until the conclusion of the Bankruptcy Action.

**RESPECTFULLY SUBMITTED** on March 31, 2025.

        **WILENCHIK & BARTNESS, P.C.**

        /s/ *Dennis I. Wilenchik*
        Dennis I. Wilenchik, Esq.
        The Wilenchik & Bartness Building
        2810 North Third Street
        Phoenix, Arizona 85004
        admin@wb-law.com

        **PAUL, WEISS, RIFKIND,**
        **WHARTON & GARRISON LLP**

        /s/ *Brad S. Karp*
        Brad S. Karp, Esq. (admitted *pro hac vice*)
        Susanna M. Buergel, Esq. (admitted *pro hac vice*)
        Gregory F. Laufer, Esq. (admitted *pro hac vice*)
        Alison R. Benedon, Esq. (admitted *pro hac vice*)
        1285 Avenue of the Americas
        New York, New York 10019-6064
        bkarp@paulweiss.com
        sbuergel@paulweiss.com
        glaufer@paulweiss.com
        abenedon@paulweiss.com

        *Attorneys for Defendants Mark A. Russell and Michael Lohscheller*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2025, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System, which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*/s/ Christine M. Ferreira*