**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Tenneson, et al.,<br><br>            Plaintiffs,<br><br>v.<br><br>Mark A Russell, et al.,<br><br>            Defendants. | No. CV-23-02131-PHX-DJH<br><br>**ORDER** |

Before the Court is remaining Defendants Mark A. Russell ("Russell") and Michael Lohscheller's ("Lohscheller") (collectively "Individual Defendants") Motion to Stay Proceedings. (Doc. 49). Plaintiffs have filed a Response (Doc. 51) and Individual Defendants have filed a Reply. (Doc. 52). For the reasons set forth below, the Court will deny Individual Defendants' Motion.

## I. Background

Plaintiffs' class action lawsuit arises out of the complex history of Nikola Corporation ("Nikola"). Plaintiffs restate this history in their Second Amended Complaint ("SAC"). (Doc. 24). The SAC details the rise and fall of Nikola, as well as a revitalization effort by new leadership. The rise came when Nikola became a publicly traded company on the Nasdaq Global Select Market. (Doc. 24 at ¶ 14). The fall came when Nikola's founder was convicted. (*Id.* at ¶ 1). Revitalization efforts by new leadership were then stalled when Nikola's electric vehicles started combusting into flames. (*Id.* at ¶ 3). Plaintiffs are public stockholders. They assert that Nikola and Chief Executive Officers

("CEOs") Russell and Lohscheller—who ascended to their positions after Nikola's founder was convicted—are responsible for violations of Section 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5(b). (*Id.* at ¶ 7). Nikola has since filed for bankruptcy and filed a notice of such with the Court. (Docs. 44 & 45). Russell and Lohscheller now ask that the Court extend the bankruptcy stay in this case to them as well.[1] (Doc. 49). For reasons explained below, the Court will not do so.

## II.    Legal Standard

Generally, the automatic stay provisions of Section 362(a) of the bankruptcy code cover only debtors, property of the debtor, or property of the bankruptcy estate. *In re Chugach Forest Prods., Inc.*, 23 F.3d 241, 246 (9th Cir. 1994). It does not expand its protections to other parties liable on the debts of the debtor. *Id.* There is one exception to this general rule. A non-debtor seeking to be covered by the automatic stay provision of Section 362(a) can invoke the "unusual circumstances" exception. *A.H. Robins Co. v. Piccinin (In re A.H. Robins Co.),* 788 F.2d 994 (4th Cir. 1986), *cert. denied,* 479 U.S. 876, 107 (1986)). This exception is available if the interests of the debtor and the non-debtor are "inextricably woven." *In re Excel Innovations, Inc.*, 502 F.3d 1086, 1096 (9th Cir. 2007). Put differently, an automatic stay can be extended under Section 362(a) when "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party in interest and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *A.H. Robins Co.*, 788 F.2d at 999. Though the Ninth Circuit has not made clear the vitality of the unusual circumstances doctrine, it has not outright rejected the exception either. *Chugash Forest Prods.*, 23 F. 3d at 247.

Alternatively, the Court can stay proceedings incidental to its inherent authority to do so. *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023). When a district court finds that entering a stay is efficient for its own docket and the fairest course for the

---

[1] Individual Defendants filed a Reply to Plaintiffs' Response to Suggestion of Bankruptcy (Doc. 49), which the Court construed as a Motion to Stay and converted it to a Motion to Stay. (Doc. 50).

parties, the district court can issue a stay of proceedings pending the resolution of proceedings elsewhere. *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). Three non-exclusive factors determine whether the district court is properly exercising its authority: (1) the possible damage which may result from granting the stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) judicial efficiency. *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024). These factors originate in the Supreme Court's ruling in *Landis v. N. Am. Co.*, 299 U.S. 248 (1936), and are otherwise known as the *Landis* factors.

## III.   Discussion

Russell and Lohscheller first assert that the automatic stay should be extended to them because Plaintiffs cannot pinpoint misrepresentations made specifically by Russell or Lohscheller separate from Nikola such that either would be independently liable. (Doc. 49 at 3). They also state that they may seek indemnification from Nikola under Nikola's Director & Officer policies, which have been deemed by courts to be property of the bankruptcy estate. (*Id.* at 4). Russell and Lohscheller further argue that issuing a stay under the Court's inherent authority to do so is appropriate here. *Id.* at 2.

Plaintiffs say staying the case against Russell and Lohscheller is unwarranted. They initially argue that Section 362(a) of the Bankruptcy Code does not extend to individual defendants. (Doc. 51 at 3). They also argue that Russell and Lohscheller should be seeking a stay from the Delaware Bankruptcy Court and that the Ninth Circuit has not officially adopted the unusual circumstances test advocated for by Russell and Lohscheller. (*Id.* at 4). Plaintiffs finally argue that even under the Court's inherent authority, the Court should not stay the proceedings. (Doc. 51 at 5–11).

### A.  Extension of Stay of Proceedings under Section 362(a)

The Court agrees with Plaintiffs that a stay under Section 362(a) of the proceedings is unwarranted.  The unusual circumstances that would typically allow for a stay under Section 362(a) are absent from this case.

Defendants argue that a stay is warranted because the unusual circumstances

exception under Section 362(a) applies.  They analogize the claims against them to those against the defendants in *Tuller v. Tintri, Inc.*, 2018 WL 4385652, at *1 (N.D. Cal. Sept. 14, 2018).  In *Tuller*, the district court extended the bankruptcy stay under Section 362(a) after finding that the unusual circumstances exception applied. *TullerId.* at *1. The court found so because even though plaintiffs had alleged materially misleading statements by both the corporate defendant and the individual defendants, they made no attempt to distinguish between the two.  *Id.* at *2.  The lack of particularization led the court to rule that there was no distinction between the corporate defendant and the individual defendants.  *Id.* at *3.  Defendants argue that the same is true here because Plaintiffs have not adequately separated statements made by Lohscheller and Russell from statements made by Nikola.  (Doc. 49 at 3).

Plaintiffs disagree and say this case is more like *Duval v. Gleason*, 1990 WL 261364, at *4 (N.D. Cal. Oct. 19, 1990).  There, the court declined to extend a stay under Section 362(a) after finding that plaintiffs properly demarcated between actions committed by the corporation and actions committed personally by the individual defendants.  The court also held the securities laws allowed individual defendants to be held liable and that a contrary result would cause a loophole in the Bankruptcy Act whereby corporate officers and directors "could escape all civil prosecutions of their individual fraudulent acts by having the corporation file a bankruptcy petition." *Id.* at *4.

The Court agrees with Plaintiffs that the facts here are more like those in *Duval*. The unusual circumstances that would typically allow for a stay under Section 362(a) are absent from this case.  Despite what Russell and Lohscheller assert, there is a meaningful distinction between statements made by Nikola and statements made by both men.  In Plaintiffs' FAC, Plaintiffs parse out statements that can be directly attributed to either Russell or Lohscheller. For example, Plaintiffs point to Russell's allegedly false and materially misleading statements during a May 5, 2022, conference call and to Lohscheller's statements during a November 3, 2022, and an August 4, 2023, conference call.  (Doc. 24 at ¶¶ 69, 88, & 128).  Plaintiffs say these statements stand on their own and

that statements made only by Nikola do not amount to the entirety of the materially misleading statements they have alleged.  (Doc. 51 at 10).  Plaintiffs' ability to separately identify Russell and Lohscheller's statements makes this case distinguishable from *Tuller* and more akin to *Duval*. Moreover, securities laws allow for personal liability against individual officers and directors. *See* Securities Act of 1933, *as amended* (Securities Act), and Securities Exchange Act of 1934, *as amended* (Exchange Act). For the Court to hold otherwise would contravene the entire purpose of both the securities laws and Section 362(a) of the Bankruptcy Code.  *Duval*, 1990 WL 261364, at *4.

The Court also rejects Russell and Lohscheller's argument that a stay is warranted because Nikola may indemnify them for their potentially misleading statements.[2] While it is true that absolute indemnity by a corporate defendant favors sending the case to the bankruptcy court because the property of the corporate defendant, i.e., an insurance policy that indemnifies Defendants, is implicated,[3] such is not true for a hypothetical indemnity. *Duval*, WL 261364 at *3.[4]

---

[2] Individual Defendants also seem to assert in their Motion that Nikola, the debtor corporation, would be unduly burdened by discovery if this matter were allowed to proceed. (Doc. 49 at 4). Even if the court were to assume that is true, that cannot be a basis to grant a stay under Section 362(a). *See Dish Network, LLC. v. Jadoo TV, Inc.*, 2019 WL 4544423, at *5 (C.D. Cal. Aug. 14, 2019).

[3] But *see Quarrato v. Madison Glob. LLC*, 2023 WL 7212173, at *2 (S.D.N.Y. Nov. 2, 2023) (even in the case of an absolute indemnification provision referral may be inappropriate under Section 362(a), especially when the provision is the only basis for extending the automatic stay); *In re Boginsky*, 658 B.R. 209, 212 (Bankr. S.D. Fla. 2024); *Al-Shara v. Wal-Mart Stores, Inc.*, 2012 WL 1119339, at *4 (E.D. Mich. Apr. 3, 2012).

[4] The Court will not counsel Russell and Lohscheller on how to best pursue their case or their desired relief.  However, the Court would like to note, that much in line with Plaintiff's objection that Russell and Lohscheller should have brought this to the attention of the bankruptcy court in Delaware, case law suggests that the type of relief requested by both Defendants is better requested under 11 U.S.C. § 105 in front of the bankruptcy court. *See In re Boginsky*, 658 B.R. 209, 212 (Bankr. S.D. Fla. 2024) (citing to as string of cases explaining the difference between what a district court can do under section 362(a) and what a bankruptcy court can do under section 105). Courts in the Ninth Circuit, on the other hand have held that even under the contours of Section 362(a), only the bankruptcy court can issue an extension of stay and not the district court. *See J & J Sports Prods., Inc. v. Brar*, 2012 WL 4755037, at *1 (E.D. Cal. Oct. 3, 2012) (listing cases from the Ninth Circuit where courts have refused to extend the automatic stay because they believed that authority rested exclusively with the bankruptcy court). Another recent case from this circuit even states that only a bankruptcy court can stay a case under Section 362(a) using its equity jurisdiction. *Dish Network, LLC. v. Jadoo TV, Inc.*, 2019 WL 4544423, at *6 (C.D. Cal. Aug. 14, 2019).

Here, Russell and Lohsceller have not shown the Court that they are insured under Nikola's insurance policies, they merely speculate that they may be.  A mere assertion, without more, does not warrant a stay.[5]  Even if Russell and Lohscheller are indemnified by Nikola's insurance policy, the issue is far too premature for the Court to decide now. *Duval*, WL 261364 at *6 ("Only if such liability attaches will there arise the separate issue of whether any insurance policy proceeds are available to satisfy claims on the basis of indemnity."). Due to above, the Court will not extend the bankruptcy stay using Section 362(a) of the bankruptcy code to Russell and Loshscheller.

### B.  Stay of Proceedings under Court's Inherent Authority

A court should consider three non-exclusive factors when deciding whether to stay a case under its inherent authority to do so: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law." *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023), cert. denied, 144 S. Ct. 554 (2024) (quoting *Lockyer*, 398 F.3d at 1110). The last factor, also referred to as "judicial efficiency," is not alone sufficient to stay proceedings. *In re PG&E Corp. Securities Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024). Rather, a court must weigh the relative hardships that a stay might cause. *Id*. at 1087.  *Dempsey v. Smith's Food & Drug Centers, Inc.,* 2025 WL 326644, at *3 (D. Nev. Jan. 28, 2025).  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-434 (2009). "If there is even a fair possibility that the stay will work damage to someone else, the party seeking the stay must make out a clear case of hardship or inequity." *Percy v. United States*, 2016 WL 7187129, *2 (D. Ariz. 2016)

Here, Russell and Lohscheller argue that even if a stay is not warranted under

---

[5] Russell and Lohscheller state in their Reply that they are prepared to turn over the policy that indemnifies them for *in camera* inspection. (Doc. 52 at 3). Even then, for reasons stated in the Order, the Court will not extend the automatic stay under Section 362(a).

Section 362(a), the Court should extend the stay to them under its inherent authority to do so. (Doc. 49 at 2). Plaintiffs disagree and state that they would be unduly prejudiced if the Court issues a stay.  (Doc. 51 at 5–11).[6]  The Court will not exercise its inherent authority to issue a stay of the proceedings.

### i.      Possible damage that may result from granting the stay

The first factor to consider is the possible damage to a party in granting a stay. Defendants argue that they will be severely burdened if Plaintiffs' claims against them proceed.  They point out they are likely to seek indemnification from Nikola and that Nikola, not Defendants, has the vast majority of discoverable documents relevant to the claims. (Doc. 52 at 3).  Plaintiffs, in response, are vehement that they will be irreparably damaged should a stay be granted.  (Doc. 51 at 6). They tell the Court that if their class action is stayed, members of the class will not be able to remember important details as more time progresses, physical evidence will be lost, and statutory deadlines might prevent them from moving forward with their claims on an individual basis. (*Id.* at 6–7).

As an initial matter, Defendants' focus on how the absence of a stay would prejudice them is misplaced. The proper focus under factor is consideration of possible damage if the stay *is* granted, not if it is *not* granted. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).  With regard to Plaintiff's claims of prejudice, however, Defendants say that any risk of lost evidence is ameliorated by Defendants' preservations obligations, and that Plaintiffs do not face a risk of claims being extinguished by the statute of limitations because that occasion would only arise for putative class members who may opt of out of the class. (Doc. 52 at 3).  Defendants do not address the risk of witnesses' lapsed memories, however. Plaintiffs claim that as more time passes, they "will be less likely to recall important details" about the events that give rise to their claims.  (Doc. 51 at 6). Significantly, the roll-out of the defective truck batteries and the subsequent quality readiness meetings occurred over three years ago already. (*Id.*) The concerns Plaintiffs state about fading memories are legitimate and although not dispositive to the entire analysis,

---

[6] The Court summarily rejects Plaintiffs argument that Defendants should not be able to invoke Section 362(a) *and* the Court's inherent authority to argue for a stay.

do invoke "a fair possibility that the stay will work damage to someone else." *Landis*, 299 U.S. at 255. This second *Landis* factor favors Plaintiffs.

### ii. The hardship or inequity which a party may suffer in being required to go forward

Russell and Lohscheller first argue that they will be highly burdened by discovery because Nikola holds all the pertinent documents. Burdensome discovery is not a reason for the Court to find hardship on the part of Russell and Lohscheller. *Lockyer*, 398 F.3d at 1112 (9th Cir. 2005)("[B]eing required to defend a suit, without more, does not constitute a "clear case of hardship or inequity" within the meaning of *Landis*."). Further, it is unclear to the Court if the underlying bankruptcy proceeding is sufficiently related, legally and factually, to the current class action. *Id.* at 1113 (stating that it is improper to issue a *Landis* stay "[W]here the proceeding in the bankruptcy court is unlikely to decide, or to contribute to the decision of, the factual and legal issues before the district court.").

In the current class action, Plaintiffs seek to have Russell and Lohscheller found individually liable for statements constituting material misrepresentation. The bankruptcy court is dealing only with a Chapter 11 bankruptcy restructuring initiated by Nikola. In other words, when Nikola initiated the bankruptcy, it was not for the bankruptcy court to examine Russell and Lohscheller's statements that might constitute a material misrepresentation. (Doc. 44). At this point, for the Court to find that there is a hardship or inequity for Russell and Lohscheller to proceed with the case, requires a strained and perhaps even hopeful perception of what may happen in the bankruptcy court. Therefore, this factor weighs against Russell and Lohscheller and in favor of Plaintiffs.

### iii. Judicial efficiency

While Russell and Lohscheller encourage the Court to find that judicial efficiency counsels granting a stay, this factor standing alone, is never sufficient to grant a stay under the Court's inherent authority. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). Although this factor favors Russell and Lohscheller, it does not favor issuing a *Landis* stay. While this factor is ultimately neutral, the Court finds

that the first and second factors clearly favor Plaintiffs. Defendants will not suffer a hardship or inequity in going forward. Therefore, a *Landis* stay is unwarranted.

**IV.   Conclusion**

The Court declines to stay this matter against Individual Defendants under either Section 362(a) of the bankruptcy code and or the Court's inherent authority to stay proceedings.

Accordingly,

**IT IS ORDERED** that Individual Defendants' Motion to Stay proceedings (Doc. 49) is **denied.**

**IT IS FURTHER ORDERED** resetting a Rule 16 Scheduling Conference for May 21, 2026 at 10:30 a.m. in Courtroom 605, 401 West Washington Street, Phoenix, AZ 85003 before Judge Diane J Humetewa. The remainder of the Court's Order (Doc. 25) is otherwise **affirmed**.

Dated this 23rd day of March, 2026.

Honorable Diane J. Humetewa
United States District Judge